**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:24CR26 |
| vs. | : | |
| DAVEION WRIGHT, | : | Judge Barrett |
| Defendant, | : | |

## SENTENCING MEMORANDUM OF DAVEION WRIGHT

The Eighth Amendment to the U.S. Constitution prohibits the imposition of cruel and unusual punishments, meaning "inherently barbaric punishments" must be proscribed "under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). In determining an appropriate sentence, the Constitution compels sentencing courts to "respect the human attributes even of those who have committed serious crimes." *Id.* By recommending a sentence of 360-months, the government invites the Court to disregard the Eighth Amendment's mandate. Because a sentence of 30 years would amount to pure barbarism, this Court should refuse to endorse it. *See United States v. Sawyer II*, 907 F.3d 121, 126 (2d Cir. 2018) (finding a 25-year sentence for touching a four-year-old and a six-year-old "barbaric").

In lieu of the government's request for 30 years, for the reasons stated herein, as well as those that will be offered at sentencing, the defense respectfully seeks a sentence of 25 years.

**I.    Procedural History and Statutory Penalties: Mr. Wright has already agreed to a sentence that (if imposed) would equal the mandatory minimum penalty for a recidivist offender.**

On March 20, 2024, the grand jury returned a five-count indictment against Mr. Wright charging him with five counts of the sexual exploitation of children, in violation of 18 U.S.C. §

2251(a) and (e). Pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Wright pled guilty to count 4 of the indictment.

For a person with no prior predicate convictions, the statute requires at least 15 years in prison and not more than 30 years. 18 U.S.C. § 2251(e). For a person with one qualifying predicate conviction, the statute requires at least 25 years imprisonment and not more than 50 years; and for a person with two qualifying predicate convictions, the statute mandates at least 35 years in prison and up to life. *Id.* While Mr. Wright has no prior qualifying predicate convictions,[1] he agreed (in his plea agreement) that the appropriate disposition would be a sentence of at least 300 months imprisonment but not more than 360 months followed by lifetime supervised release. (PSR, ¶5). In other words, Mr. Wright agreed that the minimum term of imprisonment should equal the mandatory minimum penalty required when a person has one qualifying predicate conviction. Any time in excess of 25 years is unwarranted.

II. **The Sentencing Guidelines: Because the guideline range is life imprisonment, the guidelines provide no guidance to this Court in determining an appropriate punishment.**

Neither party has objected to the sentencing guideline calculation, which calls for a lifetime term of imprisonment, based on a total offense level 43 and a criminal history category I. (PSR, ¶65).[2] Importantly, Mr. Wright's guideline range would have been the same had he gone to trial and been convicted. But rather than hold the government to its burden, Mr. Wright accepted responsibility for his wrongdoing and entrusted this Court to fashion an appropriate sentence.

---

[1] In fact, Mr. Wright's only prior conviction is for a disorderly conduct offense that occurred approximately 12 years ago. (PSR, ¶44).
[2] Probation assessed an enhancement pursuant to U.S.S.G. § 4B1.5(b), which relies on unadjudicated conduct. (PSR, ¶¶35-39). For purposes of the guideline calculation, the defense acknowledges that the government has produced sufficient evidence to prove the enhancement by a preponderance of the evidence. *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003). However, upon the advice of the undersigned and consistent with his rights under the Fifth Amendment, Mr. Wright does not admit to the veracity of those allegations.

When a guideline calls for life imprisonment, there is little to assist the Court in ensuring that the sentence imposed does not create an unwarranted sentence disparity. *See* 28 U.S.C. § 991(b)(1)(B) (outlining that one of the purposes of the Sentencing Commission is to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct). This is especially true in cases involving sex offenses.

The child pornography production guideline, U.S.S.G. § 2G2.1 (i.e., the guideline that controls here), shares many of the same flaws that courts have identified when examining the child pornography distribution guideline, U.S.S.G. § 2G2.2. For instance, Mr. Wright receives a four-point enhancement based on the victim's age[3] and a two-point enhancement because the offense involved sexual contact. *See United States v. Muzio*, 966 F.3d 61, 71 n.4 (2d Cir. 2020) (Underhill, J., dissenting) (discussing the high percentage of production cases in which both enhancements are assessed). Absent those six-levels, which are routinely assessed in production cases, Mr. Wright's total adjusted offense level would be 40 and the resultant advisory range would be 292-365 months, instead of life imprisonment. This minor adjustment to the calculation illustrates that the minimum 300-month term of imprisonment is the appropriate disposition.

### III. Avoiding Unwarranted Sentence Disparity: Any sentence over 25 years would yield an unwarranted disparity in sentencing.

In arguing for the statutory maximum, the government avers that a lesser sentence would be insufficient. But its argument is flawed because it overemphasizes three of the statutory sentencing factors while wholly ignoring the others. (R.36, Govt. Memo) (relying on the nature and circumstances of the offense, deterrence, and just punishment). It also incorrectly assumes

---

[3] Though not technically considered double counting under the guidelines, Mr. Wright is assessed two enhancements because of the victim's age: one under U.S.S.G. § 2G2.1(b)(1)(A) (plus four because the minor had not attained the age of twelve), and one under U.S.S.G. § 2G2.1(b)(4)(B) (plus four because the minor victim was a toddler at the time of the offense). (PSR, ¶¶27 and 30). Because of the two separate enhancements (based on nothing more than the minor's age), Mr. Wright's total offense level is increased by eight.

that a 25-year term of incarceration does not account for the nature and circumstances of the offense, accomplish deterrence, and achieve just punishment. In short, its analysis of the sentencing factors is far too narrow.

Over the last 5 fiscal years (FY2019-2024), the U.S. Sentencing Commission has collected statistics for defendants sentenced under U.S.S.G. § 2G2.1 with a criminal history category I. During that time, 2,634 cases were reported to the Commission. Of those cases, the average term of imprisonment was 264 months; and the median term of imprisonment was 240 months.



Out of the 2,634 cases, there were 39 cases reported to the Commission from the Southern District of Ohio; and while the median term of imprisonment remained the same, the average sentence was shorter, at 257 months as opposed to 264.[4] These statistics clearly support the 300-month sentence being requested herein.

---

[4] These statistics were complied using the Interactive Data Analyzer provided by the U.S. Sentencing Commission, available at https://ida.ussc.gov/analytics/saw.dll?Dashboard (last accessed September 8, 2025).

4

Additionally, case precedents establish that lengthier sentences, like the one for which the government is advocating, are actually reserved for far more egregious conduct and/or defendants with prior criminal histories who had an opportunity to reform. *See United States v. Irey*, 612 F.3d 1160, 1166 (11th Cir. 2010) (en banc)[5] (determining that the statutory maximum of 30-years must be imposed on a defendant who flew to a foreign country repeatedly over a span of five years to rape, sodomize, and sexually torture over 50 little girls, some as young as 4 years old; additionally, "he scripted, cast, starred in, produced, and distributed worldwide some of the most graphic and disturbing child pornography that has ever turned up on the internet"); *United States v. Batchu*, 724 F.3d 1, 14 (1st Cir. 2013) (affirming a 365-month sentence where the defendant, an adolescent psychologist, groomed a 15-year old for sexual exploitation; the defendant's conduct included the repeated sexual abuse of the minor despite two state prosecutions and multiple court-issued restraining orders; the court called the defendant a "relentless and highly dangerous child molester"); *United States v. Rudow*, 373 Fed. Appx. 298, 299-300 (3d Cir. 2010) (affirming a 326-month sentence when the defendant made several videos of himself sexually abusing his 14-year-old daughter and had six prior felony convictions, making him a criminal history category VI).

### IV. **Nature and Circumstances of the Offense and History and Characteristics: A sentence of 25-years strikes the correct balance between a first-time offender and the instant offense conduct.**

Unlike the cases referenced *supra*, Mr. Wright's conduct, when balanced against his history and characteristics, does not require the imposition of the statutory maximum penalty. Outside of

---

[5] In *Irey*, the district court originally sentenced the defendant to a below-guideline sentence of 210 months and the government appealed. On rehearing en banc, the Court of Appeals held that the downward variance was substantively unreasonable, vacated the sentence, and issued a remand directing the district court to impose the statutory maximum penalty. "When considering a claim of disparity, we first consider 'whether the defendant is similarly situated to the defendants to whom he compares himself.' *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). 'A well-founded claim of disparity … assumes that apples are being compared to apples.' *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009)." *United States v. Latimer*, 828 Fed. Appx. 673, 674 (11th Cir. 2020). The facts here, though unquestionably serious, do not rise to the level of those in *Irey*.

a conviction for disorderly conduct, Mr. Wright has no prior criminal convictions. In essence, he is a first-time offender who has never before served a term of incarceration. Nor has he been given the opportunity for treatment and rehabilitation. As part of his sentence, Mr. Wright requests a recommendation for FCI-Elkton, as he knows that the facility offers the sex offender treatment program. He also understands that he will be on a lifetime term of supervised release (by agreement) following his time in prison. Thus, the Court will have the ability to ensure he is engaged in the rehabilitative process, attending treatment, and reintegrating without reoffending.

Mr. Wright certainly acknowledges that his offense conduct is reprehensible and as such warrants a punitive sanction. He is deeply remorseful for his actions and hopes that the period of incarceration he serves will offer closure and healing to those he harmed. But the statutory maximum penalty is greater than necessary to punish Mr. Wright. Ultimately, "[r]espect for the law is promoted by punishments that are fair… not those that simply punish for punishment's sake. A sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment…" *United States v. Stern*, 590 F. Supp. 2d 945, 956 (N.D. Ohio 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 599 (2007)).

In this case, 360 months is overly harsh (to the point of being barbaric); but 300 months strikes the right balance between the nature and circumstances of the offense and Mr. Wright's history and characteristics.

### V. Conclusion: Both the statutes and the U.S. Constitution call for a 25-year sentence.

Respecting the human attributes of someone who committed a serious crime requires the Court to carefully balance the factors enumerated in 18 U.S.C. § 3553(a). Here, the minimally sufficient sentence required to comply with the purposes of sentencing is a term of 300-months imprisonment. Such a sentence constitutes two and a half decades in prison. Following that period

of incarceration, Mr. Wright agreed to a lifetime term of supervised release, meaning for the rest of his life he will be under the Court's supervision. He will also be required to pay a $5000 special assessment, which is specific to sex offenses; and he will have to register as a sex offender upon his release. Given all of the facts and circumstances underlying this case, any sentence in excess of 25 years would amount to cruel and unusual punishment.

Wherefore, based on the foregoing, as well as the arguments that will be presented at sentencing, the defense respectfully seeks a sentence of 300-months imprisonment.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

*s/ Zenaida R. Lockard*
Zenaida R. Lockard (KY93402)
Assistant Federal Public Defender
250 East 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Daveion Wright

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Kyle Healey, Assistant United States Attorney, via Electronic Case Filing, on this 8th day of September 2025.

*s/ Zenaida R. Lockard*
Zenaida R. Lockard